IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| John Ray Dowdle, | ) | Civil Action No. 6:10-cv-00031-MBS-KFM |
| Plaintiff, | ) | |
| vs. | ) | **REPORT OF MAGISTRATE JUDGE** |
| Ms. Christie Quinn and Capt. Harold Crocker, | ) | |
| Defendants. | ) | |

This matter is before the court on the defendants' motion for summary judgment (doc. 17). The plaintiff, who is proceeding *pro se*, was a pretrial detainee at the Cherokee County Detention Center ("CCDC") when he filed his complaint.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

The defendants filed a motion for summary judgment on April 1, 2010. By order filed April 2, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed his response on April 22, 2010.

## FACTS PRESENTED

At the time he filed his complaint, the plaintiff was a pretrial detainee at the CCDC awaiting trial on state charges of third degree burglary. He was appointed an attorney from the Public Defender's Office to represent him on these charges, but he moved before the court to dismiss that attorney after becoming dissatisfied with his representation

(comp., ex. 1). The Honorable Durham Cole, Circuit Court Judge, granted that request, and the plaintiff is therefore proceeding *pro se* with regard to the criminal charges pending against him.

The plaintiff has sued Captain Harold Crocker of the CCDC alleging various acts of deprivation of access to the courts. He alleges he has been denied access to a law library, legal supplies, access to a phone to contact witnesses, and newspapers necessary to prepare his defense. He further complains that he does not get his mail on time. The plaintiff alleges defendant Christie Quinn opened his mail from the United States District Court without his being present, and he contends this constitutes cruel and unusual punishment. He requests $500,000 in damages from each defendant.

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 56 states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

***Conditions of Confinement***

The plaintiff's claims fail on the merits.[1] Confinement conditions of pretrial detainees are to be evaluated under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment. *Bell v. Wolfish,* 441 U.S. 520, 535 (1979). Where a pretrial detainee complains of prison conditions, the proper inquiry is whether the conditions of his confinement amount to punishment before a proper adjudication of guilt. *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992). Not every hardship suffered during pretrial detention amounts to "punishment" in the constitutional sense. *Id.* (citing *Bell,* 441

---

[1]The defendant also argues that the plaintiff failed to exhaust his administrative remedies. Since this court finds the claims fail on the merits, this argument will not be addressed.

U.S. at 53). "'[I]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock.'" *Moore v. Winebrenner*, 927 F.2d 1312, 1316 (4th Cir. 1991) (quoting *Whitley v. Albers,* 475 U.S. 312, 319 (1986)). To state a claim that conditions of confinement violate constitutional requirements, "a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir.1993) (quoting *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir.1991)).

Here, the plaintiff has failed to show that the defendants were deliberately indifferent to the conditions he alleges. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (a prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to a prisoner and disregards that substantial risk). Further, he has not demonstrated that the defendants failed to provide him with humane conditions of confinement. His allegations are general in nature, and they do not contain the requisite specificity in order to constitute a violation of his constitutional rights under the Fourteenth Amendment. Speculations of possible future injury do not meet the required standard. Based upon the foregoing, summary judgment is appropriate on the plaintiff's conditions of confinement claims.

### *Access to the Courts*

The United States Constitution guarantees prisoners the right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977). In *Bounds*, the Supreme Court held that the right of access imposes an affirmative duty on prison officials to assist inmates in preparing and filing legal papers, either by establishing an adequate law library or by providing adequate assistance from persons trained in the law. *Id.* at 828. In *Lewis v. Casey*,

4

518 U.S. 343, 349 (1996), the Supreme Court held that a prisoner must show some actual injury resulting from a denial of access in order to allege a constitutional violation. This requirement can be satisfied by demonstrating that a non-frivolous legal claim was frustrated or impeded by some actual deprivation of access. *Id.* at 352-53. A claim for failure to provide access to the courts must be pleaded with specificity. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996).

Furthermore, the Fourth Circuit has ruled that the Constitution of the United States does not require every local jail even to have a law library. *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir.1987). The holding in *Magee* is based on the knowledge that county jails, like the CCDC, are generally short-term facilities wherein "'the brevity of confinement does not permit sufficient time for prisoners to petition the courts.'" *Id.*

Here, the plaintiff was appointed an attorney through whom he could have access to everything that he now complains he lacks. The plaintiff chose to fire his attorney and cannot now complain he does not have access to information that attorney provided. As the Eighth Circuit Court of Appeals has stated, "We have serious doubts whether a pretrial detainee who exercises his constitutional right to represent himself at trial thereby becomes entitled to legal resources over and above what are provided to the general inmate population." *U.S. v. Kind*, 194 F.3d 900, 905 (8th Cir. 1999). Furthermore, the plaintiff has failed to show that a non-frivolous claim was frustrated or impeded by the alleged deprivation of access to the courts.

With regard to the plaintiff's desire to contact witnesses by telephone, although prisoners have a right to communicate with parties outside of the prison, inmates do not have an unqualified right to use the telephone. *Aswegan v. Henry*, 981 F.2d 313, 314 (8th Cir. 1992) ("Although prisoners have a constitutional right of meaningful access to the courts, prisoners do not have a right to any particular means of access, including unlimited telephone use.") (citing *Bounds v. Smith*, 430 U.S. 817, 823, 832 (1977)); *see Mooney v.*

5

*Anderson*, C.A. No. 8:09-2534-PMD, 2009 WL 3739354, at \*2 (D.S.C. 2009) (dismissing pretrial detainee's claim that he had been denied access to a telephone). The plaintiff has failed to set forth any specifics regarding this claim nor has he explained why he cannot contact the witnesses by other means such as mail.

        The plaintiff's allegations that mail from the District Court was opened in his absence, even if true, also fail to state a ground for relief. *See Altizer v. Deeds*, 191 F.3d 540, 549 (4th Cir.1999) (policy allowing opening and inspecting of inmate's mail does not violate the First Amendment as court can conceive of legitimate security interests furthered by such policy); *see also Acoolla v. Angelone*, 186 F.Supp.2d 670, 672 (W.D.Va. 2002) (Plaintiff's allegations that some of his mail from the court was already opened when prison officials delivered it to him presented "no constitutional problem with prison officials' alleged actions"). Mail from the district court would not be privileged nor does plaintiff state any injury resulting therefrom.

        In his response in opposition to the motion for summary judgment, the plaintiff complains that he has been denied medical treatment at the CCDC (pl. aff., doc. 20-2 at p. 2). The plaintiff did not raise such a claim in his complaint, and thus it is not part of the instant case and will not be addressed further.

### *Qualified Immunity*

        The defendants argue that they are entitled to qualified immunity as their conduct did not violate any clearly-established constitutional or statutory rights of which a reasonable person should have known. This court agrees. Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This qualified immunity is lost if an official violates a constitutional or statutory right of the plaintiff that was clearly established at

6

the time of the alleged violation so that an objectively reasonable official in the defendant's position would have known of it. *Id.*

In addressing qualified immunity, the United States Supreme Court has held that "a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all and, if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Wilson v. Layne*, 526 U.S. 603, 609 (1999); *see also Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 685 (4th Cir. 2000). Further, the Supreme Court held that "[d]eciding the constitutional question before addressing the qualified immunity question also promotes clarity in the legal standards for official conduct, to the benefit of both the officers and the general public." *Wilson*, 526 U.S. at 609. If the court first determines that no right has been violated, the inquiry ends there "because government officials cannot have known of a right that does not exist." *Porterfield v. Lott*, 156 F.3d 563, 567 (4th Cir. 1998). The plaintiff's conclusory allegations fail to demonstrate that the defendants violated his constitutional rights. Therefore, the defendants are entitled to qualified immunity.

### *State Law Claims*

To the extent the plaintiff alleges state court claims against the defendants, the court should decline to exercise supplemental jurisdiction as it is recommended that summary judgment be granted on the federal claims. *See* 28 U.S.C. § 1367(c).

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is recommended that the defendants' motion for summary judgment (doc. 17) be granted.

s/Kevin F. McDonald
United States Magistrate Judge

September 8, 2010
Greenville, South Carolina

7